## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

TYRONE BURNS,                    :
                                 :
                Plaintiff,       :        Case No. 7:22-CV-00036-WLS-TQL
                                 :
        v.                       :
                                 :
WARDEN SHAWN EMMONS,             :
DEPUTY WARDEN SHORPSHIRE,  :
DEPUTY WARDEN LEON GIBSON, :        Proceedings Under 42 U.S.C. §1983
                                 :        Before the U. S. Magistrate Judge
                Defendant.       :

_____

## REPORT AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Tyrone Burns, a prisoner confined in Valdosta State Prison in Valdosta, Georgia filed a 42 U.S.C. § 1983 complaint.   ECF No. 1.   Plaintiff also filed a motion to proceed *in forma pauperis*.   ECF No. 2.   Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to recast his complaint and provided with specific instructions on how to do so.   ECF No. 9.   Plaintiff has submitted a recast complaint.   ECF No. 11. This complaint is now ripe for preliminary review.   Upon preliminary review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

Around September 21, 2020, Plaintiff was housed in the G-1 building at Valdosta State Prison. ECF No. 11 at 5. Plaintiff states that "[a]t the time, we didn't have an officer just a cadet working our building". *Id.* Plaintiff was called to "the booth window" by the cadet and was told that "somebody wanted [him] next door". *Id.* Plaintiff then goes to the phone area where he gets stabbed in the chest by another inmate. *Id.* Plaintiff claims that he "feel[s] like [his] rights were violated cause Warden Emmons, Deputy Warden Shorpshire and Deputy Gibson knew that they were under staff and in [his]

building … that 98% of the inmates in there was gang members". *Id.*   Plaintiff further states that he "feel[s] like they knew that already cause they been working here for a while". *Id.*   Plaintiff requests damages.   *Id.* at 6.

III.   Plaintiff's Claims

Plaintiff's complaint is construed as raising a deliberate indifference to safety or failure-to-protect claim under the Eighth Amendment.   "[P]rison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.   "A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir.2003) (internal quotation marks omitted).   To establish a § 1983 claim for deliberate indifference, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019).

*Substantial risk of serious harm*

In the jail setting, a risk of harm to some degree always exists by the nature of it being a jail.  *Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga,* 400 F.3d 1313, 1323 (11th Cir. 2005).   Successful failure to protect claims will generally require some further reason—beyond a plaintiff feeling threatened by his incarceration with other offenders

4

convicted of violent and/or gang-related offenses—that a prison official could have concluded that a particular threat evidenced a substantial threat, rather than the mere possibility of serious harm.  *See Marbury*, 936 F.3d at 1236; *see also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." (internal citations and quotations omitted)).   Moreover, the risk must be specific and imminent; "a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement."   *Carter*, 352 F.3d at 1350.

An inmate can meet the burden of showing a substantial risk of serious harm by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Marbury*, 936 F.3d at 1235-6 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)).

Here, Plaintiff notes his belief that the prison was understaffed and generally unsafe. However, Plaintiff has not alleged any specific facts to illustrate that Valdosta State Prison was so pervasively violent that simply being housed there posed a substantial risk of serious harm to him.   Plaintiff has not alleged any facts that he made any of the Defendants aware of a particular threat from a particular inmate or subset of inmates.   Indeed, a plaintiff must provide prison officials with "further information enabling them to conclude that the risk

[of harm] was substantial and not merely possible." *Marbury*, 936 F.3d at 1236.   Thus Plaintiff has failed to plead facts sufficient to show that "pervasive staffing and logistical issues" such as these "render[ed] prison officials unable to address near-constant violence, tensions between different subsets of a prison population, and unique risks posed by individual prisoners or groups of prisoners due to characteristics like mental illness." *Marbury*, 935 F.3d at 1235.

Moreover, "[w]hether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts." *Purcell*, 400 F.3d at 1320. The Eleventh Circuit courts have reviewed many other cases and found conditions worse than those alleged by this Plaintiff were not sufficiently serious enough to meet the objective component of an Eighth Amendment claim.   In *Harrison v. Culliver*, 746 F.3d 1288 (11th Cir. 2014), the plaintiff in a prison which housed between 830 and 990 inmates adduced evidence of thirty-three incidents of inmate-on-inmate violence involving weapons over the span of three-and-a-half years, four of which occurred in the same hallway where the plaintiff was assaulted.   *Id.* at 1299-1300. The Court concluded that the evidence presented was "hardly sufficient to demonstrate that [the facility] was a prison 'where violence and terror reign.' " *Id.* at 1300 (citation omitted).   In *Marbury*, the plaintiff averred that he had personally witnessed fifteen other inmate stabbings prior to his own assault, had sent a written request to the warden asking to be moved to another dorm (he described his dorm as an "over-rated gang affiliated block"), and had made several more in-person requests to be transferred.   936

6

F.3d at 1231.   The Eleventh Circuit found Marbury's allegations insufficient to establish deliberate indifference based on a general risk of inmate-on-inmate violence.   *Id.* at 1235. The Court stated that although Marbury showed that inmates faced some risk of assaults by fellow prisoners, he had failed to identify "specific features of the prison that would make it particularly violent."   *Id.*

Indeed, this Plaintiff has presented far less factual allegations about his risk of harm than the evidence presented in both *Harrison* and *Marbury*.   This Plaintiff's allegations, at most, establish a mere possibility of injury, but they fail to carry his burden of establishing the strong likelihood of injury. Accordingly, Plaintiff's claim is subject to dismissal.   *See Brooks*, 800 F.3d at 1301 (discussing that a "mere possibility" of harm is not enough to state an Eighth Amendment claim and that "the plaintiff must plausibly allege a strong likelihood of serious harm").

### *Deliberate indifference*

Even if Plaintiff met the objective component of his Eighth Amendment claim by establishing he was under a substantial risk of serious harm, he has failed to satisfy the subjective component by demonstrating that any of the Defendants were deliberately indifferent to his safety.   The subjective component of Plaintiff's Eighth Amendment claim generally "inquires whether the officials acted with a sufficiently culpable state of mind."   *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).   "[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983."   *Hughes*, 894 F.2d at 1537.   A Defendant must be found to have acted with deliberate indifference to an

inmate's safety.   *Carter*, 352 F.3d at 1349.   In defining "deliberate indifference," the Supreme Court stated:

> With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness. *See e.g.*, *LaMarca v. Turner*, 995 F.2d 1526, 1535 (CA11 1993).... It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.

*Brennan*, 511 U.S. at 836.

Thus, the Court concluded that the "subjective recklessness" standard of criminal law is the test for "deliberate indifference" under the Eighth Amendment.   *Id.* at 839-40. Under this test, there is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not ...."   *Id.* at 838.   It is not enough that an inmate proves that the defendant should have known of the risk, but did not, as actual knowledge is the key.   *See Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996).   Stated another way, to be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference.*"   *Brennan*, 511 U.S. at 837 (emphasis added).

Here, Plaintiff has presented no factual allegations showing that any of the Defendants possessed such a culpable state of mind.   Plaintiff merely claims that he "feel[s] like [his] rights were violated cause Warden Emmons, Deputy Warden Shorpshire and Deputy Gibson knew that they were under staff and in [his] building … that 98% of the inmates in there was gang members" and that he "feel[s] like they knew that already

cause they been working here for a while".   ECF No. 11 at 5.   Plaintiff's inference on
what he believes the Defendants knew or should have known is wholly inadequate to
establish that the Defendants were aware of any facts that could lead to an inference that a
substantial risk of harm existed in Plaintiff's building or to the Plaintiff much less that the
Defendants drew such an inference.   *See also Green v. Sec'y, Fla. Dep't of Corr.*, 618 F.
App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th
Cir. 2006) ("[A] complaint must contain either direct or inferential allegations" from which
the court can identify the "material elements necessary to sustain a recovery under some
viable legal theory."); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations
omitted) (stating there must be "proof of an affirmative causal connection between the
actions taken by a particular person 'under color of state law' and the constitutional
deprivation"); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984) ("A complaint
may justifiably be dismissed because of the conclusory, vague and general nature of the
allegations…").

Plaintiff's vague and conclusory allegations, at most, lean toward asserting
negligence on the part of these prison officials.   However, negligent failure to protect an
inmate from attack does not support a § 1983 claim.   *See Goodman v. Kimbrough*, 718
F.3d 1325, 1332 (11th Cir. 2013) (noting that a prison official's failure to supervise the
dorm where Plaintiff was housed was merely negligent and did not demonstrate that guards
"*knew* of a substantial risk of serious harm" to plaintiff who was attacked by another
inmate).   Thus, Plaintiff has failed to state a § 1983 claim upon which relief may be

9

granted and dismissal is warranted.

IV.   <u>Conclusion</u>

For all the reasons set forth above, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 31st day of August, 2022.

s/ ***Thomas Q. Langstaff***
United States Magistrate Judge